UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SOREN BROOME as Personal Representative of the Estate of A.B.; and SOREN BROOME and RYAN BROOME, individually, and as the natural parents of A.B., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; SARAH ESTRADA, MD; MEAGAN PETERSEN, ARNP; and UNKNOWN JOHN DOES AND JOHN DOE CLINICS, <br><br> Defendants. | CAUSE NO. <br><br> COMPLAINT FOR MEDICAL NEGLIGENCE |

## I.   PARTIES

1.1   Plaintiffs Soren Broome and Ryan Broome are the natural parents of decedent A.B. Plaintiffs Soren Broome and Ryan Broome currently reside in, North Charleston, Dorchester County, state of South Carolina.

COMPLAINT
Page 1

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
PO Box 1338
Tacoma, WA  98401-1338
T 253.627.1866  F 253.627.1924

1.2  Defendant United States of America is named on the basis of the determination pursuant to 28 U.S.C. Sec. 2671 that Madigan Army Medical Center facilities in Washington and its physicians, employees, and agents are employees and agents of the United States Government.

1.3  Defendant Sarah Estrada, MD was an employee of Madigan Army Medical Center in Washington, at all times material hereto, and provided care to Plaintiff Soren Broom and A.B., and whose negligence contributed to Plaintiffs' injuries and damages.

1.4  Defendant Meagan Petersen, ARNP was an employee of Madigan Army Medical Center in Washington, at all times material hereto, and provided care to Plaintiff Soren Broom and A.B., and whose negligence contributed to Plaintiffs' injuries and damages

1.5  Plaintiffs allege there may be other health care providers, persons, or entities whose negligence contributed to Plaintiffs' injuries and damages, but whose identity is not now known and who are referred to herein as Unknown John Does.  Plaintiffs request these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

1.6  Plaintiffs allege there may be other Clinics, Corporations or Partnerships that employed individuals mentioned in the paragraphs above, such as to make these John Doe Clinics, Corporations or Partnerships responsible, whose negligence contributed to Plaintiffs' injuries and damages, but whose identity is not now known and who are referred to herein as Unknown John Doe Clinics, Corporations or Partnerships.  Plaintiffs request these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

///

COMPLAINT
Page 2

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
PO Box 1338
Tacoma, WA  98401-1338
T 253.627.1866  F 253.627.1924

## II. JURISDICTION AND VENUE

2.1     On May 20, 2019, Plaintiffs submitted a Claim for Damage, Injury, or Death Tort Claim form on all appropriate agencies (*See Exhibit 1, attached*).  The Department of the Army, Madigan Army Medical Center, in Tacoma, Washington, acknowledged receipt of the claim form on May 28, 2019.  As of this date, Plaintiff has received no denial of the Federal Tort Claim, but the six-month investigation period has since expired.  Therefore, this Court has jurisdiction over the claims against the United States of America pursuant to 28 U.S.C. Sec. 2675(a).

2.2     Venue in this Court is proper pursuant to 28 U.S.C. sec. 1402(b).

## III. STATEMENT OF CLAIMS

3.1     On October 20, 2018, Plaintiff Soren Broome went into labor with her son, A.B. at Madigan Army Medical Center.

3.2     During labor, the fetal heart tracing developed signs of severe fetal distress with a high risk of hypoxic ischemic insult if reasonable care and delivery did not timely occur.

3.3     Delay in recognition and delivery caused severe neurologic injury to A.B.

3.4     A.B. was delivered via emergent c-section following prolonged rupture of membranes, and evidence of severe fetal distress.

3.5     A.B. was born with APGAR score of 0 at one (1) minute; 1 at five(5) minutes; 2 at ten minutes; 3 at fifteen (15) minutes; and 4 at twenty (20) minutes.

3.6     A.B. was born with a cord gas of 6.74/>140/-20.4.

3.7     A.B. was taken to NICU.

COMPLAINT
Page 3

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
PO Box 1338
Tacoma, WA  98401-1338
T 253.627.1866  F 253.627.1924

3.8     A.B. was diagnosed with hypoxic ischemic encephalopathy and United States healthcare providers eventually recommended allowing A.B. to pass away through palliative care.

3.9     A.B. passed away on November 11, 2018 from consequences of hypoxic ischemic encephalopathy.

3.10    The Defendants failed to provide reasonable and prudent care during Soren Broome's labor, through delivery, and during the life of A.B. from delivery to the time of death.

3.11    If Defendant had met the standard of care, A.B. would have been timely delivered and would not have suffered neurologic injury and resultant death.

3.12    The Plaintiffs filed a claim on May 20, 2017, which claim is attached as Exhibit "1" to this Complaint.

### IV.    CLAIMS AGAINST THE UNITED STATES OF AMERICA

4.1     As alleged above, the Madigan Army Medical Center system, and its employees are employees of the United States Government pursuant to 28 U.S.C. Sec. 2671. Therefore, the proper Defendant in this matter is the United States of America.

4.2     <u>Medical Negligence</u>.  Defendant United States of America, by and through is employees and agents, the Madigan Army Medical Center system failed to exercise the degree of care, skill and learning expected of reasonably prudent health care providers in the same profession or class in the State of Washington acting in the same or similar circumstances.  Such conduct proximately caused severe injuries and damage to Plaintiffs.  Such conduct establishes claims under RCW 4.24, RCW 7.70 and other applicable law.

COMPLAINT
Page 4

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
PO Box 1338
Tacoma, WA  98401-1338
T 253.627.1866  F 253.627.1924

4.3   Negligence.  Defendant United States of America, by and through the Madigan Army Medical Center system failed to exercise the degree of care, skill, and learning expected of reasonably prudent health care providers in the same profession or class in the State of Washington acting in the same or similar circumstances. If the actions of defendant fall outside of these parameters, negligence has occurred.

4.4   Informed Consent.  Defendant United States of America, by and through the Madigan Army Medical Center system and its employees, breached its duty to inform Plaintiffs of all material facts, including risks and alternatives, which a reasonably prudent patient would need to make an informed decision on whether to consent to or reject proposed courses of treatment.  This conduct proximately caused injury to Plaintiffs.

4.5   Corporate Negligence.  Defendant United States is liable under the doctrine of corporate negligence, WPI 105.02.02.  Defendant Hospital owes an independent duty of care to its patients and has a duty to exercise the degree of skill, care, and learning expected of a reasonably prudent hospital.  Defendant is responsible for all acts and omissions of its employees, agents, independent contractors and is responsible for adequate supervision of its staff members.

4.6   More specifically, Defendant United States failed to:

    4.6.1   timely recognize fetal distress of A.B.;

    4.6.2   timely recognize a high risk of hypoxic ischemic insult to A.B.;

    4.6.3   timely intervene and deliver A.B.;

    4.6.4   provide reasonable care during labor, delivery and A.B.'s neonatal life.; and

COMPLAINT
Page 5

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
PO Box 1338
Tacoma, WA  98401-1338
T 253.627.1866  F 253.627.1924

        4.6.5    meet the standard of care of reasonably prudent healthcare providers under the same and similar circumstances, resulting in the ultimate severe neurologic injury and eventual death of A.B.

## V.    PROXIMATE CAUSE

5.1    The conduct of Defendants herein was a proximate cause of Plaintiffs' injuries and damages as outlined below.

## VI.    INJURIES AND DAMAGES

6.1    The acts and omissions of Defendants directly and proximately caused A.B. to suffer death following severe and permanent injury, both mental and physical, pain and suffering, mental anguish, disability, and other elements of damages as allowed by law.

6.2    Plaintiff Soren Broome has a loss of consortium claim, including but not limited to loss of love and affection.

6.3    Plaintiff Ryan Broome has a loss of consortium claim, including but not limited to loss of love and affection.

6.4    Plaintiffs incurred out-of-pocket expenses, including but not limited to medical expenses, income loss, funeral expenses, and other expenses in an amount that will be proven at trial.

WHEREFORE, having set forth their complaints, Plaintiffs request the right to amend their complaint to conform to the evidence and for the Court enter judgment against Defendants, jointly and severally, for all injuries and damages sustained by the Plaintiffs in the amounts to be proven in trial, together with their reasonable costs and fees incurred herein, and such further relief as justice requires.

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
PO Box 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

DATED this 29th day of June, 2020.

       HOLMAN LAW, PLLC
       */S/ Jessica Holman Duthie*
       Jessica Holman Duthie, WSBA No. 43065
       Holman Law, PLLC
       4041 Ruston Way, Suite 101
       Tacoma, WA  98402
       Telephone: 253-627-1866
       Fax: 253-627-1924
       Email: JHD@theholmanlawfirm.com
       Attorney for Plaintiffs

COMPLAINT
Page 7

**HOLMAN LAW** PLLC
The Holman Building
4041 Ruston Way, Suite 101
PO Box 1338
Tacoma, WA  98401-1338
T 253.627.1866  F 253.627.1924